FILED
2019 Feb-26  PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ITASCA IMAGES, LLC**,<br>  a Minnesota limited liability company,<br><br> Plaintiff,<br><br> v.<br><br>**CAPSTONE REALTY, LLC**,<br>  an Alabama limited liability company,<br><br>**HUNTSVILLE AREA ASSOCIATION OF REALTORS, INC. d/b/a NORTH ALABAMA MULTIPLE LISTING SERVICE**,<br>  an Alabama non-profit corporation,<br><br>**BEN PORTER REAL ESTATE OF HUNTSVILLE, INC.**,<br>  an Alabama corporation,<br><br>**TRULIA, LLC**,<br>  a Delaware limited liability company,<br><br>**ZILLOW, INC.**,<br>  a Washington corporation,<br><br>**MOVE, INC. d/b/a REALTOR.COM**,<br>  a Delaware corporation,<br><br>**RE/MAX, LLC**,<br>  a Delaware limited liability company,<br><br> Defendants. | Case No. 19-cv-_____<br><br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff ITASCA IMAGES, LLC alleges against Defendants:

## INTRODUCTION

1.      This is an action for copyright infringement and falsification and removal of copyright management information.

2.      Defendant Capstone Realty, Inc. copied and displayed Plaintiff's copyrighted photograph in numerous real estate listings on its website, without license. Capstone then wrongly and illegally granted rights to Plaintiff's photograph (including copyright enforcement authority) to the North Alabama Multiple Listing Service, which resulted in the Photograph being spread across the internet on at least dozens of real estate websites operated by at least dozens of third-parties, including the websites operated by the other Defendants herein.

3.      When Plaintiff demanded Capstone cease infringement, Capstone did not do so, and falsely claimed another company was responsible. Plaintiff asked Capstone in writing on at least three occasions for documentation of who it contended *was* responsible, and Capstone was unwilling or unable to identify the responsible parties, eventually admitting the use of the photograph was "unauthorized."

4.      As of the filing of this complaint, Plaintiff's photograph remains published online in connection with Capstone's real estate listings. This is five months after Plaintiff's cease-and-desist letter to Capstone via Certified Mail, and two months after Plaintiff's counsel sent a written demand to Capstone's counsel that they ensure all infringement cease.

## PARTIES

5.      Plaintiff ITASCA IMAGES, LLC ("Plaintiff") is a Minnesota limited liability company, with its principal place of business in Hennepin County, Minnesota.

6. Defendant CAPSTONE REALTY, LLC ("Capstone") is an Alabama limited liability company.

7. Defendant HUNTSVILLE AREA ASSOCIATION OF REALTORS, INC. d/b/a NORTH ALABAMA MULTIPLE LISTING SERVICE ("HAAR" or "NALMLS") is an Alabama non-profit corporation.

8. Defendant BEN PORTER REAL ESTATE OF HUNTSVILLE, INC. ("Ben Porter") is an Alabama corporation.

9. Defendant TRULIA, LLC ("Trulia") is a Delaware limited liability company.

10. Defendant ZILLOW, INC. ("Zillow") is a Washington corporation.

11. Defendant MOVE, INC. d/b/a REALTOR.COM ("Realtor.com") is a Delaware corporation.

12. Defendant RE/MAX, LLC ("RE/MAX") is a Delaware limited liability company.

13. Defendants are individually and collectively referenced herein as "Defendants."

## JURISDICTION

14. This action arises under the Copyright Act, 17 U.S.C. § 101, et seq.

15. This Court has jurisdiction over this action pursuant to 27 U.S.C. § 1331 as a federal question, original jurisdiction pursuant to 27 U.S.C. § 1338(a) as arising from an Act of Congress relating to copyrights.

16. This Court has personal jurisdiction over Defendants. Defendants Capstone, HAAR/NALMLS, and Ben Porter are incorporated in, maintains its primary offices in, employs personnel, and does business within the district. The remaining defendants continuously do business within the district, e.g. promoting and profiting from real estate listings for properties within the district, and they copied Plaintiff's works into this district.

## FACTS

17.     Plaintiff is the copyright owner and rights-holder to many photographic images covering current events, urban lifestyle, travel, nature, live theater, sports, and more.

### The Photograph

18.     On or about April 28, 2010, Plaintiff's assignor created an original photographic work titled "Hi Speed Internet" (the "Photograph").

19.     The Photograph is a wholly original visual arts work and is copyrightable under the laws of the United States.

20.     The Photograph is registered with the U.S. Copyright Office, in compliance with applicable statute, under Registration Number VA 1-951-376 (the "Registration"), with an effective date of registration of February 2, 2015.

21.     The Registration is a group registration of published photographs.

22.     The Photograph is included within the Registration, application for registration, and deposit as Contents Title M10A0142.

23.     At some time after registration, and prior to Defendants' infringement, Plaintiff's assignor assigned by written agreement ownership to the Registration and Photograph to Plaintiff.

24.     Because the Registration was applied-for and given an effective date within five years of publication of the Photograph, the registration is prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c).

25.     A copy of the Certificate of Registration is attached hereto as **Exhibit A**.

26.     A copy of the relevant page of the deposit submitted with the application for the Registration is attached hereto as **Exhibit B**.

27.     At all times relevant to Defendants' conduct, including copying and infringement described herein, Plaintiff has been the owner of the copyrights to the Photograph.

**Defendants' Infringing Acts**

28.     Defendants commercially copied, used, and published the Photograph in numerous

online advertisements for numerous real estate properties.

29.     By way of example, attached hereto as **Exhibit C** is a copy of a screen capture

showing Defendant Capstone displaying the Photograph on their website in a real estate listing.

30.     Capstone controls the website depicted in Exhibit C.

31.     Capstone controls the website choosecapstone.com.

32.     Capstone displayed the Photograph on the website choosecapstone.com.

33.     Capstone ignored and bypassed copyright notices in their acquisition and copying

of the Photograph, constituting willful copyright infringement.

34.     Capstone distributed the Photograph to various third-parties, including other

Defendants, via the North Alabama Multiple Listing Service ("NALMLS"), a service of the

Huntsville Area Association of Realtors ("HAAR").

35.     Capstone entered into an agreement with HAAR and the NALMLS which stated in

relevant part, "As part of your membership agreement, you give NALMLS a nonexclusive,

transferable, sub licensable, royalty-free, worldwide license to use photographs that you upload in

your listing content. Assigning these rights to NALMLS enables the MLS to provide copyright

protection in the event your photo is misused by another party."

36.     Capstone had no right to grant NALMLS any rights or license to Plaintiff's

Photograph.

37.     When Capstone or its employees or agents login or access the NALMLS, they agree

to the NALMLS terms of use, which NALMLS describes as including a provision "agreeing that

by uploading and/or cloning photos, you acknowledge that you have obtained the proper licensing

to the photo and hereby indemnity HAAR and/or NALMLS of any copyright infringement that may occur".

38.     Capstone agreeing to NALMLS's terms of use, affirming that it had obtained proper licensing to Plaintiff's Photograph, further constitutes willful infringement.

39.     The Photograph was displayed on many real estate listings for many properties on the websites of many real estate companies. Each use of the Photograph was without license, each constituting copyright infringement.

40.     Defendants commercially copied, used and published the Photograph in advertisements.

41.     Attached hereto as **Exhibit D** is a copy of a screen capture showing Defendant Ben Porter displaying the Photograph on their website in a real estate listing.

42.     Attached hereto as **Exhibit E** is a copy of a screen capture showing Defendant Zillow displaying the Photograph on their website in a real estate listing.

43.     Attached hereto as **Exhibit F** is a copy of a screen capture showing Defendant Realtor.com displaying the Photograph on their website in a real estate listing.

44.     Attached hereto as **Exhibit G** is a copy of a screen capture showing Defendant RE/MAX displaying the Photograph on their website in a real estate listing.

45.     Attached hereto as **Exhibit H** is a copy of a screen capture the website HotPads.com displaying the Photograph on their website in a real estate listing. HotPads is operated by Defendant Zillow.

46.     Attached hereto as **Exhibit I** is a copy of a screen capture showing Defendant Trulia displaying the Photograph on their website in a real estate listing.

47.     On or about September 17, 2018, Plaintiff's counsel sent a letter to Defendant Capstone via Certified Mail, which stated, *inter alia*, that Plaintiff was the owner of the photograph and copyright registration thereto, and that Plaintiff demanded Defendant Capstone cease and desist infringement.

48.     The enclosures to Plaintiff's counsel's September 17, 2018 letter included a real estate listing for 7490 Chaco Street, Owens Cross Roads, Alabama ("7490 Chaco") which stated on the page "Listing courtesy of Hunter Olive, Capstone Realty".

49.     Capstone was the listing real estate agency for 7490 Chaco.

50.     Hunter Olive is a real estate agent for Capstone.

51.     Hunter Olive is a real estate agent employed at Capstone.

52.     Hunter Olive maintains an office address at Capstone's office.

53.     On or about October 1, 2018, Capstone's "Broker/Owner" Diane Hasley emailed Plaintiff's counsel stating that the "copies of the photograph are not from our company."

54.     Ms. Hasley's statements in her October 1, 2018 email were false.

55.     The real estate listings which included Plaintiff's Photograph were posted by Hunter Olive.

56.     Capstone is the real estate agency who posted the real estate listings which copied, used, and displayed Plaintiff's Photograph.

57.     Capstone did not cease infringing the Photograph upon receipt of Plaintiff's counsel's cease-and-desist letter, further constituting willful infringement.

58.     In a subsequent letter dated October 22, 2018, Capstone's counsel stated that Capstone "inherited" the listings from another agent not affiliated with Capstone, and that the matter should thus be considered resolved.

59.     Capstone did not identify the agent it purported to have inherited the listings from.

60.     On or about November 12, 2018, Plaintiff's counsel wrote to Capstone's counsel asking them to identify this other agent, and the MLS number and address for each listing using Plaintiff's Photograph, among other things. This letter clearly conveyed that if Capstone did not provide the information to substantiate its position, it was Plaintiff's intent to file suit against Capstone, the NALMLS, and each company displaying the Photograph.

61.     Defendant Capstone continued to not identify the agent it purported to have inherited the listings from.

62.     Defendant Capstone continued to take no action to ensure all infringement of the Photograph ceased.

63.     Defendant Capstone's counsel was provided a copy of the U.S. Copyright Office registration certificate, relevant page of the deposit, and a copy of the assignment agreement on or about November 27, 2018.

64.     On or about December 19, 2018, Plaintiff's counsel reminded Defendant Capstone's counsel of Plaintiff's request for information, warning: "Capstone has not cooperated and has not provided any of the foregoing, which we intend to use to demonstrate Capstone's failure to reduce attorney's fees."

65.     Defendant Capstone continued to not identify the agent it purported to have inherited the listings from.

66.     Plaintiff's counsel's December 19, 2018 letter to Defendant Capstone's counsel included a screenshot from Zillow.com showing the Photograph was still being used as of December 19, 2018 in connection with a listing from Defendant Capstone. This letter stated, *inter alia*: "Itasca Images, LLC repeats its demand that Capstone immediately cease and desist use of,

- 8 -

and infringement of, the Photograph through the immediate removal of the Photograph from anywhere Capstone posted it, or any of the websites of the entities Capstone has conveyed the Photograph to. Because Capstone has been unable or unwilling to assist in identification of infringers or removal of the Photograph, I have recommended to my client that we file suit because it is eminently clear Capstone is not taking my client's rights seriously, and is demonstrating precisely the "reckless disregard" standard of willfulness."

67.     As of February 22, 2019, Plaintiff's Photograph is still being displayed on the Zillow.com website in connection with a real estate listing from Capstone. This is the same listing and same website URL which was identified in Plaintiff's counsel's December 19, 2018 letter to Capstone's attorney. This conduct further constitutes willful infringement.

68.     Due to Capstone's conduct, Plaintiff does not know all parties who may have infringed Plaintiff's Photograph related to the claim described herein, and reserves all rights and remedies thereto.

69.     Plaintiff has been forced to incur additional time, effort, and cost because of Capstone's willful infringement, removal and falsification of copyright management information, refusal to provide information to assist in ensuring infringement ceased, failure to identify responsible parties, and unwillingness or inability to cease infringement.

70.     Defendants had no license to use the Photograph.

71.     Defendants did not remit any license fee to use the Photograph.

72.     Defendants' use of the Photograph was for commercial, advertising, and sales purposes.

73.     Defendants took no steps or actions to inquire into obtaining, or to comply with, any license to use the Photograph.

74.     The Photograph was originally published with copyright management information next to and embedded within the Photograph.

75.     Defendants did not provide any attribution or credit for its uses of the Photograph.

76.     Defendants did not provide any copyright notice for Plaintiff or the photographer in their copying and use of the Photograph.

77.     Defendants removed, stripped, altered, and destroyed all copyright management information in their publication, use, and distribution of the Photograph.

78.     Defendants did not display any copyright management information in their copying, publication, use, and distribution of the Photograph.

79.     On some infringements of Plaintiff's Photograph, some Defendant or Defendants placed a copyright notice on and over the Photograph, which stated "© Copyright NALMLS Inc". This can be seen in, e.g., Exhibits D and H.

80.     Defendants falsely claiming copyright over Plaintiff's Photograph further constitutes willful infringement.

81.     Defendants' removal and falsification of copyright management information was done intentionally.

82.     As of the date of filing of this action, Defendants continue to display and infringe Plaintiff's copyrighted Photograph. By way of example, Exhibits E and I depict Zillow and Trulia displaying the Photograph as of February 15, 2019, approximately five months after Plaintiff's cease-and-desist demand to Defendant Capstone. Defendants' failure to cease infringement further constitutes willful infringement.

## CAUSES OF ACTION

### COUNT I
### Copyright Infringement (17 U.S.C. § 501)

83.     Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

84.     Defendants' conduct is in violation of copyright law, including the U.S. Copyright Act, and the exclusive rights held by Plaintiff.

85.     Defendants' infringement of these rights was and is willful.

86.     Plaintiff is entitled to an injunction restraining Defendants and its officers, agents, employees, and all persons acting in concert with it, from engaging in any further such acts in violation of copyright laws and Plaintiff's exclusive rights.

87.     As a result of Defendants' individual and collective acts of copyright infringement, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to recover from Defendants the damages, including attorney's fees that it has sustained as a result of Defendants' infringing conduct, including but not limited to any gains, profits, advantages of Defendants, Defendants' wrongful profits, Plaintiff's lost profits, diminution of value of the Photographs, statutory damages, enhanced damages, attorney's fees, interest, and costs.

88.     Plaintiff is entitled to statutory damages under the Copyright Act at their election.

### COUNT II
### Integrity of Copyright Management Information (17 U.S.C. §§ 1202-1203)

89.     Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

90.     Defendants' conduct is in violation of United States copyright law and the exclusive rights held by Plaintiff.

91.     Defendants' removal and falsification of copyright management information is in violation of law and of Plaintiff's rights.

- 11 -

92.     Defendants' placement of their copyright notices on, over, near, and with Plaintiff's Photographs is in violation of law and of Plaintiff's rights.

93.     Defendants' failure to display, falsification of, and removal of copyright management information was willful and intentional.

94.     As a result of Defendants' failure to display, falsification, and removal of copyright management information, and further distribution of the Photographs without CMI, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial, and Plaintiff is entitled to recover actual damages, or at their election, statutory damages, including attorney's fees, costs, and interest, and is further entitled to a preliminary and permanent injunction enjoining Defendants from such further violations.

95.     Plaintiff is entitled to statutory damages under the DMCA.

**COUNT III**
**Contributory Copyright Infringement (17 U.S.C. § 501)**
**(Against Defendant Capstone Only)**

96.     Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

97.     Defendant Capstone induced, caused, and materially contributed to the infringing acts of others by encouraging, inducing, allowing, and assisting others to copy and use Plaintiff's copyrighted Photograph.

98.     Defendant Capstone had knowledge of the infringing acts relating to Plaintiff's Photograph.

99.     The acts and conduct of Defendant Capstone, as alleged herein, constitute contributory copyright infringement.

100.    Defendant Capstone's infringement of these rights was and is willful.

101.    Plaintiff is entitled to an injunction restraining Capstone and its officers, agents, employees, and all persons acting in concert with it, from engaging in any further such acts in violation of copyright laws and Plaintiff's exclusive rights.

102.    As a result of Defendant Capstone's individual and collective acts of copyright infringement, and the foregoing allegations, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to recover from Defendant Capstone's the damages, including attorney's fees that it has sustained as a result of Defendant Capstone's infringing conduct, including but not limited to any gains, profits, advantages of Capstone, Defendant Capstone's wrongful profits, Plaintiff's lost profits, diminution of value of the Photographs, statutory damages, enhanced damages, attorney's fees, interest, and costs.

103.    Plaintiff is entitled to statutory damages under the Copyright Act at their election.


**JURY TRIAL DEMAND**

104.    Plaintiff demands trial by jury on all issues so triable.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests judgment be entered in favor of Plaintiff, and against Defendants, as follows:

A.    A finding that Defendants have infringed Plaintiff's copyrights;

B.    A finding that Capstone's purported grant of any license or right to Plaintiff's photograph to any other party, including HAAR, NALMLS, or any other Defendant, was unlawful, unauthorized, and is void;

B.    A finding that Defendants' infringement was knowing and willful;

- 13 -

C.     A finding that Defendants removed and/or altered and/or falsified copyright management information, and distributed such improperly modified material in violation of 17 U.S.C. § 1202(b)(1) and (3);

D.     A finding that there is a substantial likelihood that Defendants will continue to infringe Plaintiff's copyrights and violate 17 U.S.C. § 1202(b)(1) and (3) unless enjoined from doing so;

E.     Issuance of an injunction against Defendants and its officers, directors, agents, employees, and all other persons in active concert or privity or in participation with them, enjoining them from: (i) directly or indirectly continuing to infringe Plaintiff's copyrights, including being enjoined from copying, or in any way using, distributing, or publishing Plaintiff's copyrighted photographs or to participate or assist in any such activity; and (ii) directly or indirectly continuing to violate 17 U.S.C. § 1202(b)(1) and (3);

F.     A finding that Defendant Capstone and Defendant HAAR/NALMLS have committed vicarious and contributory copyright infringement, and that it was willful;

G.     Judgment in favor of Plaintiff against Defendants for each and every act of copyright infringement, vicarious and contributory infringement, and removal of copyright management information;

H.     An award of actual damages which include, among other things, lost profits, diminished value of copyrighted Photographs, and for Defendants' profits relating to Defendants' conduct complained of herein;

I.     An award of statutory damages of $30,000 for each infringement of each of the copyrighted work pursuant to 17 U.S.C. §§ 504-505;

J.      An award of enhanced statutory damages of $150,000 for each willful infringement of the copyrighted work;

K.      An award of actual and/or statutory damages, at Plaintiff's election, for the removal and alteration of copyright management information pursuant to 17 U.S.C. § 1202;

L.      An award of actual and/or statutory damages, at Plaintiff's election, for the vicarious and contributory infringement claims;

M.      An award of Plaintiff's full costs, expenses, and reasonable attorney's fees incurred in this action; and

N.      Such other, different, and further relief as this Court deems just and proper.

Dated:  February 26, 2019                    /s/ *Morgan Franz*
                                             Morgan B. Franz (FRA 061)

                                             SPOTSWOOD SANSOM & SANSBURY LLC
                                             One Federal Place
                                             1819 Fifth Avenue North, Suite 1050
                                             Birmingham, Alabama 35203
                                             TEL:   (205) 986-3635
                                             FAX:   (205) 986-3639
                                             E-mail: mfranz@spotswoodllc.com

                                             **BRIGGS AND MORGAN, P.A.**

                                             By: /s/ *Scott M. Flaherty*
                                                 Scott M. Flaherty (*pro hac vice* forthcoming)
                                             2200 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, MN  55402-2157
                                             (612) 977-8400

                                             **ATTORNEYS FOR PLAINTIFF**
                                             **ITASCA IMAGES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>February 26, 2019</u>, I caused a true and correct copy of the foregoing **Complaint** to be filed electronically with the ECF system for the United States District Court for the Northern District of Alabama and filed a written request with the Clerk of Court to serve the following defendants by certified mail pursuant to Alabama Rules of Civil Procedure 4(i)(2) and Federal Rules of Civil Procedure 4(e)(1):

**CAPSTONE REALTY, LLC**
c/o Diane E. Hasley
7 Town Center Drive
Suite 303
Huntsville, AL 35806

**HUNTSVILLE AREA ASSOCIATION OF REALTORS, INC. d/b/a NORTH ALABAMA MULTIPLE LISTING SERVICE**
c/o Josh McFall
535 Monroe Street
Huntsville, AL 35801

**BEN PORTER REAL ESTATE OF HUNTSVILLE, INC.**
c/o Ben Porter
3409 Memorial Parkway SW
Huntsville, AL  35801

**TRULIA, LLC**
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**ZILLOW, INC.**
c/o CT Corporation System
711 Capitol Way South
Suite 204
Olympia, WA  98501

**MOVE, INC. d/b/a REALTOR.COM**
c/o CT Corporation System
818 W. Seventh Street
Suite 930
Los Angeles, CA 90017

**RE/MAX, LLC**
c/o Corporation Trust Center
1209 Orange Street
Wilmington DE  19801

/s/ *Morgan Franz*
OF COUNSEL